FILED

08/15/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2018

## CLINTON AUSTIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 11-04214     Glen Wright, Judge**

_____

### No. W2017-02374-CCA-R3-PC

_____

The petitioner, Clinton Austin, appeals the denial of his petition for post-conviction relief, which petition challenged his 2014 conviction of aggravated sexual battery, alleging that he was deprived of the effective assistance of counsel at trial. Discerning no error, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and ROBERT L. HOLLOWAY, JR., JJ., joined.

Gregory D. Allen, Memphis, Tennessee, for the appellant, Clinton Austin.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Gavin Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

A Shelby County Criminal Court jury convicted the petitioner of one count of aggravated sexual battery, and the trial court imposed a Range I sentence of 10 years' incarceration. This court affirmed both the conviction and sentence on direct appeal. *See State v. Clinton Austin*, No. W2014-01211-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Jackson, May 12, 2015).

The petitioner was originally charged with one count of rape of a child for an assault he committed against the seven-year-old victim, the step-grandchild of one of the petitioner's relatives. *Id.*, slip op. at 2. At trial, the victim testified that the petitioner came into the bathroom with her, "sat on the toilet after he 'unzipped' his clothes," and then "placed his hand around her waist and pulled her toward him." *Id.*, slip op. at 5.

The victim testified that the petitioner "placed her on his lap . . . and that he removed her clothes." *Id.* The victim said that she "saw the [petitioner's] penis" and that she "felt [the petitioner's penis] on her private area . . . when he placed her on his lap." *Id.* The victim "said that [the petitioner's] penis was erect" but that the petitioner did not attempt "to insert his penis into her private area." *Id.* She maintained that the petitioner's penis "did not touch the inside of her private area." *Id.* Although the petitioner "did not talk during the incident," he did touch the victim's neck "with his lips." The petitioner did not respond when the victim asked him to stop "and continued to touch her private area with his penis." *Id.* The victim also testified that the petitioner had "touched her private area with his hand" but adamantly maintained that the petitioner did not penetrate "her private area" with his fingers. *Id.*, slip op. at 6.

On August 24, 2015, the petitioner filed a timely petition for post-conviction relief, alleging that he was deprived of the effective assistance of counsel at trial. Among other things, the petitioner claimed that his counsel performed deficiently by requesting a jury instruction on the offense of aggravated sexual battery "when it was not a statutorily prescribed lesser included offense of" the charged offense of rape of a child.[1]

At the June 22, 2017 evidentiary hearing, trial counsel, an assistant public defender for 29 years, testified that he had "an amazingly smooth relationship" with the petitioner. Trial counsel recalled that, prior to trial, the State extended a plea offer that included a six-year sentence at 30 percent release eligibility with manner of service to be determined by the trial court in exchange for the petitioner's pleading guilty to attempted aggravated sexual battery. He said that the petitioner rejected the agreement because counsel could not guarantee that the petitioner would be placed on probation and because "inclusion on the Sex Offender Registry [was] a deal breaker." The petitioner "made it clear he was not going to plead to anything."

Trial counsel testified that he requested a jury instruction on the offense of aggravated sexual battery because he had been taught, following our supreme court's ruling in *State v. Burns*, to "throw in everything but the kitchen sink." He added that, after having reviewed our supreme court's recent opinion in *State v. Howard*, he concluded that he "would've been remised [sic] not asking for aggravated sexual battery, particularly," given that the State "could not get the [victim] to say that there was penetration." He said that if he was unable to "get a not guilty, a lesser included is gold"

---

[1]     Unlike the current version of the statute, at the time of the offense in this case, Code section 40-18-110 did not provide that aggravated sexual battery was a lesser included offense of rape of a child. *Compare* T.C.A. 40-18-110(g)(3) (2016) ("Aggravated sexual battery is a lesser included offense of aggravated rape, aggravated rape of a child, and rape of a child.") *with id.* § 40-18-110(g) (Supp. 2010) ("Aggravated sexual battery is a lesser included offense of aggravated rape.").

and that, had the petitioner been "convicted as charged . . . he's aimed to do the rest of his life in prison." Counsel recalled that he discussed the lesser included offense issue with the petitioner and that he told the petitioner "what the purpose was." He said that, had he not requested the lesser included offense instruction, he would "be having to explain that today because of" the supreme court's ruling in *Howard*. He said that "it never occurred to [him] to not ask for aggravated sexual battery." He said that it was his understanding that, in *Howard*, the supreme court clarified that aggravated sexual battery had been a lesser included offense since the decision in *Burns*.

The petitioner testified that he and trial counsel "didn't have a relationship at all" because he "never did much see [trial counsel] at all, period." The petitioner acknowledged that he had rejected the plea offer, saying that he had done so because probation was not guaranteed. The petitioner denied having ever discussed the issue of lesser included offense instructions with trial counsel. The petitioner insisted that he and trial counsel "never did discuss trial – [the] case at all," explaining that although he met with trial counsel, counsel "wasn't talking about nothing. He will say well – well, this and that, there. That is it."

In the written order denying post-conviction relief, the post-conviction court concluded that trial counsel did not perform deficiently by requesting a jury instruction on aggravated sexual battery as a lesser included offense of rape of a child.

In this timely appeal, the petitioner asserts that the post-conviction court erred by denying post-conviction relief, reiterating his claim that trial counsel performed deficiently by requesting a jury instruction on the lesser included offense of aggravated sexual battery, the crime of which he was convicted, at a time when the law was unsettled on the issue. The State contends that the post-conviction court did not err.

We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A post-conviction petitioner bears the burden of proving his or her factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

Before a petitioner will be granted post-conviction relief based upon a claim of ineffective assistance of counsel, the record must affirmatively establish, via facts clearly and convincingly established by the petitioner, that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and that counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When considering a claim of ineffective assistance of counsel, a reviewing court "begins with the strong presumption that counsel provided adequate assistance and used reasonable professional judgment to make all significant decisions," *Kendrick v. State*, 454 S.W.3d 450, 458 (Tenn. 2015) (citing *Strickland*, 466 U.S. at 689), and "[t]he petitioner bears the burden of overcoming this presumption," *id.* (citations omitted). We will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In our view, the record supports the denial of post-conviction relief in this case. Trial counsel testified that he believed aggravated sexual battery to be a lesser included offense and that the victim's testimony supported the giving of an instruction on that offense. Although some opinions of this court have indicated otherwise, our supreme court recently confirmed that aggravated sexual battery is a lesser included offense of rape of a child under part (b) of the *Burns* test. *State v. Howard*, 504 S.W.3d 260, 274 (Tenn. 2016) (citing *State v. Burns*, 6 S.W.3d 453, 466 (Tenn. 1999)). In *Howard*, the court observed that, prior to its ruling in that case, the court "ha[d] twice clarified that aggravated sexual battery is a lesser-included offense of rape of a child." *Howard*, 504 S.W.3d at 274. Because our supreme court had held that aggravated sexual battery is, and has been since the ruling in *Burns*, a lesser included offense of rape of a child, trial counsel did not perform deficiently by requesting the instruction.

Accordingly, the judgment of the post-conviction court is affirmed.

-4-

_____
JAMES CURWOOD WITT, JR., JUDGE